UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C-T HOMES, LLC | CIVIL ACTION |
| VERSUS | NO. 26-1241 |
| ANDRIES BUILDERS, LLC ET AL | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is Defendant Andries Mortgage, LLC's *Rule 12(b)(6) Motion to Dismiss a Defendant* **(Rec. Doc. 13)**, filed by Defendants Does 1-10, Andries Builders, LLC ("Andries Builders"), and Andries Mortgage, LLC ("Andries Mortgage") (collectively "Defendants"). Plaintiff C–T Homes, LLC opposed the motion. (Rec. Doc. 16). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion to dismiss should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

On or around October 26, 2025, Defendant Andries Builders allegedly registered and began operating a website at the domain cretintownsend.com. (Rec. Doc. 1, at 5). This domain incorporated the trade name used by Plaintiff C–T Homes, LLC ("C–T Homes"), which operates as Cretin Townsend Homes. *Id.* at 4. Both companies build houses throughout Louisiana and compete within the same regional footprint and market. *Id.* at 3–4. Upon discovering the cretintownsend.com domain, C–T Homes was made aware of a previous attempt by Defendants to create a similar website that intentionally misspelled C–T Homes' trade name in a way that would

confuse consumers. *Id.* at 4–5. Through publicly available domain registration records, C–T Homes discovered that the domain used the email service@aabuilders.com (an email owned and operated by Andries Builders) to route the automatic emails generated to consumers who visited the domain. *Id.* at 5.

Upon making this discovery, C–T Homes filed a complaint in this Court alleging false designation of origin and unfair competition under 15 U.S.C. § 1125(a) and cybersquatting under 15 U.S.C. § 1125 against the Defendants. (Rec. Doc. 1, at 7, 10, 14). C–T Homes also claims unfair trade practices under Sections 51:1401–1431 of the Louisiana Revised Statutes against the Defendants. C–T Homes requested both monetary relief for alleged losses in profits and harm to its business and injunctive relief enjoining Defendants from operating the domain and transferring any customer information taken from the use of the domain to Defendants.

On June 11, 2026, this Court granted C–T Homes's motion for a Temporary Restraining Order, and on July 7, 2026, a Consent Order was entered into by the parties agreeing to a Preliminary Injunction. (Rec. Doc. 5, 11). Andries Mortgage then moved to be dismissed as a defendant for a failure to state a claim under Rule 12(b)(6). (Rec. Doc. 13). C–T Homes filed an opposition to Andries Mortgage's motion. (Rec. Doc. 16). Andries Mortgage asserts that C–T Homes has not specifically shown what action Andries Mortgage engaged in that made it a part of the alleged scheme. *See id.* Andries Mortgage argues that the complaint only names Andries Mortgage in relation to its practice of supplying mortgages to Andries Builders' customers but fails to identify the specific role Andries Mortgage played in the alleged scheme. *Id.* C–T

Homes argues that Andries Mortgage was an active participant in the alleged scheme that operated the domain. (Rec. Doc. 1).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

In the instant case, the Court finds that C–T Homes provides insufficient information in its initial complaint to identify what specific allegations Andries Mortgage must answer for. The allegations made by C–T Homes do not properly differentiate between the various defendants. The practice of grouping together

multiple defendants raises concerns under the pleading requirements identified in Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8. Under Rule 8, a complaint must contain a statement which is "sufficient to 'give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests.'" *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (citing *Twombly*, 550 U.S. at 555) (alteration in original). To reach this standard, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). The grouped-together nature of the complaint at issue creates a situation where Andries Mortgage is not aware of its specific conduct which led to alleged violations of the law. *See id.* (holding that claims against defendants who were allegedly at the scene of use of excessive force did not sufficiently put defendants on notice as to which actions violated the law). As such, the complaint has failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure.

C–T Homes accuses Andries Mortgage of being a participant in an alleged scheme that fraudulently used its Cretin Townsend Homes trade name to enrich the defendants. However, Andries Mortgage's conduct is largely combined with the actions of Andries Builders throughout the complaint. *See* Rec. Doc. 1, at 5–17. Occasionally, the conduct of multiple defendants "may be lumped together if the plaintiff's allegations elsewhere designate the nature of the defendants' relationship to a particular scheme and identify the defendants' role." *Bhatia v. Dischino*, No. 3:09-

CV-1086, 2011 WL 3820825, at *12 (N.D. Tex. Aug. 29, 2011) (citing *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 274 (N.D. Tex. 1990)) (citation modified). Here, there is not enough information elsewhere in the complaint to identify the role Andries Mortgage played in the alleged scheme. The only specific mention of Andries Mortgage in the complaint concerns its role in securing mortgages for clients of Andries Builders, which has no bearing on Andries Mortgage's potential liability. The complaint does not connect Andries Mortgage to the email address associated with the cretintownsend.com domain, service@aabuilders.com, and does not explain how Andries Mortgage's involvement created a claim of false representation. (Rec. Doc. 1, at 5, 9). Every other allegation of wrongful conduct refers to the conduct of the "Defendants." Based on the allegations in the complaint, this Court is unable to "draw the reasonable inferences[s] that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As such, the Court concludes that C–T Homes' allegations fail to meet the requisite pleading requirements as they pertain to Andries Mortgage.

C–T Homes has requested an opportunity to amend the original complaint to rectify any deficiencies identified by this Court. The decision to allow leave to amend is within the discretion of a trial court and should be "freely given when justice so requires." *Dunn v. Koehring Co.*, 546 F.2d 1193, 1198 (5th Cir. 1977) (quoting Fed. R. Civ. P. 15). As mentioned previously, C–T Homes failed to explain the specific role the mortgage company played in the alleged scheme beyond simply providing mortgages to Andries Builders customers and failed to identify any other specific acts, omissions, or representations connecting Andries Mortgage to the supposed scheme.

Failure to properly address these concerns may result in dismissal of Andries Mortgage as a Defendant due to the current lack of factual allegations connecting it to the alleged infringement.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss Defendant Andries Mortgage* **(Rec. Doc. 13)** is **GRANTED**.

**IT IS FURTHER ORDERED** that C–T Homes is granted leave to file an amended complaint addressing the deficiencies identified herein within twenty-one (21) days from issuance of this order, failure of which will result in the dismissal of C–T Homes's claims against Andries Mortgage with prejudice.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE